## S. A. Taylor v. Mary L. Taylor.

1. SEPARATE MAINTENANCE—*Who is Entitled.*—A married woman who, without any fault of her own, lives separate and apart from her husband, is entitled to a reasonable support and maintenance.

**Bill for Separate Maintenance.**—Trial in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the March term, 1899. Affirmed. Opinion filed August 1, 1899.

GAGE & DEMING, attorneys for appellant.

H. B. JACKSON, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This is a proceeding for separate maintenance. The cause was heard upon the merits and a final decree entered. The court found that the equities are with the appellee, and that

she is entitled to separate maintenance, and ordered and decreed that appellant pay her $50 for January, 1899, $40 per month thereafter, in advance, and that he pay $25 to her solicitors, and the costs to be taxed.

There is no question of law in this case which demands the attention of this court. Counsel for appellant, in their brief and argument, state as follows, viz.:

"The real issues in the case, then, are:

First.    Did Mr. Taylor desert his wife and leave her destitute on March 10, 1897, as alleged in the bill?

Second.    Has he an ungovernable temper, and did he address her frequently with insulting and opprobrious epithets?

Third.    Did he threaten her with personal violence and to take her life?"

We have read and considered the testimony as found in two abstracts filed in this case, one by each party. The trial court was right in finding in behalf of appellee and in entering the decree appealed from. It is stated by counsel for appellee that she is now suffering from tuberculosis in an advanced stage, complicated with other physical as well as mental ailments, and that she is dependent entirely upon charity for care and support. We do not say that there are no cases in which an old man may possibly legally justify his willful refusal to support a young and invalid wife, but we do say that this is not such a case. We see no good reason why we should enter into a lengthy review of the testimony.

The decree of the Circuit Court is affirmed.